Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Christy Schragel,<br><br>    Plaintiff,<br><br>v.<br><br>Investment Retrievers, Inc.;<br>Law Offices of Steven E. Stern,<br>LLC; and Steven E. Stern;<br><br>    Defendants. | No.<br><br>COMPLAINT<br><br>(Jury Trial Requested) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

4. Plaintiff Christy Schragel ("Schragel") is an adult individual living in the State of Arizona.
5. Plaintiff is a natural person allegedly obligated to pay a consumer debt.
6. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
7. Defendant Investment Retrievers, Inc. ("IRI") is a foreign corporation registered to conduct business within the State of Arizona.
8. IRI is a collection agency which collects or attempts to collect debts which it claims to have purchased or been assigned after default.
9. IRI is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Law Offices of Steven E. Stern, LLC ("Law Office") is a collections law firm domiciled in the State of Illinois.
11. The Law Office's primary area of practice is collecting or attempting to collect debts on behalf of third parties.
12. The Law Office is a "debt collector" as that term is defined by FDCPA § 1692a(6).
13. Defendant Steven E. Stern is a lawyer licensed by the State Bar of Arizona to practice law within the State of Arizona.
14. Mr. Stern owns the Law Office.
15. Mr. Stern's law practice is primarily engaged in the collection of debts on behalf of third parties.
16. Mr. Stern is a "debt collector" as that term is defined by FDCPA §

- 2 -

1692a(6).

17. At all times relevant herein, Mr. Stern was acting as agent for and on behalf of IRI.

18. At all times relevant herein, Mr. Stern managed the day to day operations of the Law Office.

19. At all times relevant herein, Mr. Stern was responsible to assure that the Law Office's practices and procedures comported with federal and state law, and the rules of the courts.

20. Mr. Stern and the Law Office are hereinafter collectively referred to as "Stern."

### IV.  FACTUAL ALLEGATIONS

21. On December 1, 2016, Stern filed suit in the Maricopa County Superior Court on behalf IRI to collect a debt allegedly owed by Ms. Schragel.

22. The alleged debt was incurred for personal, family and household purposes.

23. Defendants obtained a default judgment against Ms. Schragel entered on June 16, 2017.

24. On December 15, 2021, Ms. Schragel settled the 2017 judgment with IRI.

25. IRI confirmed this settlement with an email sent by IRI's Collection Manager to Ms. Schragel which stated in part:

> Investment Retrievers considers the debt paid in full and closed. Furthermore we agree to stop any and all pending legal action if applicable and update our line item with the credit reporting agencies to reflect paid.

26. IRI further confirmed the settlement by providing Ms. Schragel

- 3 -

|   |     |   |
|---|-----|---|
| 1 |     | with a Satisfaction of Judgment and Release of Lien dated |
| 2 |     | December 18, 2021. |
| 3 | 27. | The Satisfaction of Judgment was signed by Mr. Stern. |
| 4 | 28. | Months after Ms. Schragel's settlement of the judgment, and |
| 5 |     | confirmation that the judgment had been fully satisfied, |
| 6 |     | Defendants initiated garnishment proceedings to garnish Ms. |
| 7 |     | Schragel's wages and bank accounts. |
| 8 | 29. | On April 1, 2022, Defendants filed an application for a writ of |
| 9 |     | garnishment to garnish Plaintiff's bank accounts. |
| 10 | 30. | On April 1, 2022, Defendants also filed an application for a writ of |
| 11 |     | garnishment to garnish Plaintiff's wages. |
| 12 | 31. | In the applications for these writs, Defendants falsely allege that |
| 13 |     | Ms. Schragel owes IRI $16,259.10. |
| 14 | 32. | Upon service of the writs, the moneys in Ms. Schragel's bank |
| 15 |     | accounts, including two accounts which belong to her daughter, |
| 16 |     | were frozen, and she lost access to and use of those funds. |
| 17 | 33. | Ms. Schragel is a foster mother for two special need children, and |
| 18 |     | receives a monthly stipend for the children's clothing, allowance |
| 19 |     | and other expenses. |
| 20 | 34. | Ms. Schragel had just received payment from the State for the |
| 21 |     | foster children, which funds were subsequently frozen by |
| 22 |     | Defendants' illegal actions. |
| 23 | 35. | Upon service of the writ to her employer, Ms. Schragel's wages |
| 24 |     | were garnished with 25% being withheld from each pay period. |
| 25 | 36. | As a result of Defendants' illegal actions, Ms. Schragel's had to |
| 26 |     | open a new bank account. |

- 4 -

| | | |
|---|---|---|
| 1 | 37. | As a result of Defendants's illegal actions, Ms. Schragel was |
| 2 | | unable to purchase groceries, purchase gasoline for her vehicle, |
| 3 | | and pay for other day to day expenses. |
| 4 | 38. | As a result of Defendants's illegal actions, Ms. Schragel lost time |
| 5 | | from work to deal with these garnishments. |
| 6 | 39. | As of result of Defendants' conduct and actions, Schragel has |
| 7 | | suffered additional actual damages including personal |
| 8 | | embarrassment, humiliation, anxiety, worry, concern that her |
| 9 | | department colleagues will learn of the garnishment, inability to |
| 10 | | focus at work, fear, sleeplessness, upset stomach, loss of appetite, |
| 11 | | and other emotional distress. |
| 12 | 40. | At all times pertinent hereto, the conduct of Defendants, as well as |
| 13 | | that of its agents, servants and/or employees, was intentional, |
| 14 | | willful, reckless, and in grossly negligent disregard for federal laws |
| 15 | | and the rights of the Plaintiff herein. |
| 16 | 41. | In the alternative, Defendants' action were negligent. |

### V.  CAUSES OF ACTION

### a.  FIRST CLAIM FOR RELIEF
### (Violation of the FDCPA)

| | | |
|---|---|---|
| 20 | 42. | Plaintiff incorporates the foregoing paragraphs as though the same |
| 21 | | were set forth at length herein. |
| 22 | 43. | Defendants' violations of the FDCPA include, but are not |
| 23 | | necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), |
| 24 | | 1692e(10), 1692f, and 1692f(1). |
| 25 | 44. | The conduct of the Defendants was a direct and proximate cause, |
| 26 | | as well as a substantial factor, in bringing about the serious |

1    injuries, actual damages and harm to the Plaintiff that are

2    outlined more fully above. As a result, Defendants are liable to the

3    Plaintiff for the full amount of statutory and actual damages, along

4    with the attorney's fees and the costs of litigation, as well as such

5    further relief, as may be permitted by law.

## VI. JURY TRIAL DEMANDED

7   45.    Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants for the following relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d)    Such other and further relief as may be necessary, just and proper.

RESPECTFULLY SUBMITTED:    May 12, 2022   .

           s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff