Steven E. Stern, Esq.
Arizona Bar No. 020022
Law Offices of Steven E. Stern, LLC
50 S. Main Street, Ste. 200
Naperville, IL 60540
Tel: 312-998-3151/FX: 630-364-5888
Stevensternlaw1@gmail.com

Attorney for Defendant,
Investment Retrievers, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Christy Schragel,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**Investment Retrievers, Inc. Law Offices of Steven E. Stern, llc and Steven E. Stern,**<br><br>      **Defendants.** | **2022-cv-00832-MTL**<br><br>**Answer & Affirmative Defenses of Defendant, Investment Retrievers, Inc.** |

   COMES NOW, Defendant, Investment Retrievers, Inc. , (hereinafter "Answering Defendant"), by and through their attorney undersigned, and for their  Answer and Affirmative Defenses to Plaintiff's Complaint, avers and alleges as follows:

## ANSWER

### I.   INTRODUCTION

1.      Admits that Plaintiff has brought an action as a consumer against this Defendant, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. sex. 1692, ("FDCPA") but the Answering Defendant denies any and all liability to the Plaintiff under the FDCPA.

### II.   JURISDICTION AND VENUE

2.   The Answering Defendant Admits this Court has jurisdiction and venue but the Answering Defendant denies any and all liability to the Plaintiff.

3.   Answering Defendant admits that this Court is the appropriate venue for this action.

### III.   PARTIES

4.   Answering Defendant admits this allegation.

5.   Answering Defendant admits this allegation.

6.   Answering Defendant admits this allegation.

7.   Answering Defendant admits this allegation

8.   Answering Defendant admits that it is a "debt buyer" and required in some states to register as a "collection agency and in this case, was attempting to collect its own debt, i.e., a valid judgment against the Plaintiff, Christy Schragel.

9.   Answering Defendant denies that it was a "debt collector" within the meaning of the FDCPA on this account for it was attempting to collect a debt that it owned, i.e., a valid judgment against the Plaintiff, Christy Schragel.

10.  Admit.

11.  Admit.

12.  Admit.

13.  Admit.

14.  Admit.

15.  Admit.

16.  Admit.

17.  Admit.

18.  Admit.

19.  Admit.

20.  Admit.

### IV.   ANSWER TO FACTUAL ALLEGATIONS

21.  Answering Defendant admits that suit was filed on Dec. 1, 2016, while the co-

Defendant, Steven E. Stern, Esq. was an associate at Bergstrom Law, Ltd that suit was filed in an underlying state court proceeding against Christy Schragel but denies that Steven E. Stern signed the complaint. Answering affirmatively the Answering Defendant states the complaint was signed by Jeremy Bergstrom. Therefore, denied.

22.     Answering Defendant admits the allegation contained in this paragraph.

23.     Admit.

24     Answering Defendant denies each and every allegation contained therein and states affirmatively that the debt was not "settled" on Dec. 15, 2021.

25.     Answering Defendant denies each and every allegation contained therein and states affirmatively that the debt was not "settled" on Dec. 15, 2021, and that there is no such record of any such electronic mail document contained within the Answering Defendants file as alleged by the Plaintiff.

26.     Answering Defendant denies each and every allegation contained therein and states affirmatively that the debt was not "settled" on Dec. 15, 2021.

27.     Answering Defendant denies each and every allegation contained therein.

28.     Answering Defendant admits that garnishment was filed but states that it was lawful and that this claim was not "settled." Therefore, denied.

29.     Answering Defendant admits that garnishment was filed but states that it was lawful and that this claim was not "settled." Therefore, denied.

30.     Answering Defendant admits that garnishment was filed but states that it was lawful and that this claim was not "settled." Therefore, denied.

31.     Answering Defendant denies the allegations contained therein.

32.     Answering Defendant does not have sufficient information to admit or deny the allegations contained within this paragraph and therefore denies these allegations.

33.     Answering Defendant does not have sufficient information to admit or deny the allegations contained within this paragraph and therefore denies these allegations.

34.     Answering Defendant does not have sufficient information to admit or deny the allegations contained within this paragraph and therefore denies these allegations

35. Answering Defendant does not have sufficient information to admit or deny the allegations contained within this paragraph and therefore denies these allegations.

36.. Answering Defendant denies that their actions were "illegal" and does not have sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore denies them.

37. Answering Defendant denies that their actions were "illegal" and does not have sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore denies them.

38. Answering Defendant denies that their actions were "illegal" and does not have sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore denies them.

39. Answering Defendant denies each and every allegation contained therein.

40. Answering Defendant denies that their actions were "illegal" and does not have sufficient information to admit or deny the remainder of the allegations contained in this paragraph and therefore denies them.

41. Answering Defendant denies each and every allegation contained therein.

## V. ANSWER TO FIRST CLAIM OF RELIEF

42. The Answering Defendant hereby repeats reincorporates and alleges their answers to par 1-41 as if fully set forth herein and denies all liability to the Plaintiff.

43. The Answering Defendant denies each and every allegation contained therein.

44. The Answering Defendant denies each and every allegation contained therein.

45. The Answering Defendant admits that Plaintiff has requested a trial by jury.

## VI. ANSWER TO PRAYER FOR RELIEF.

WHEREFORE, ANSWERING DEFENDANT prays for Plaintiff's suit to be dismissed and with costs and attorney's fees awarded to the Answering Defendant. The Answering Defendant prays that the dismissal of this wrongful complaint be inclusive of the plaintiff's prayer for relief in subsections a-d.

## AFFIRMATIVE DEFENSES

**(Insufficient Factual Pleading)**

A.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**(Plaintiff's Willful Acts)**

Plaintiff's claims should be dismissed due to her own illegal acts including that of forgery of documents.

**(Failure to Mitigate)**

B.   Plaintiff may have failed to mitigate any alleged damages.  If there was such failure to mitigate, Plaintiff's damages, if any, must be reduced accordingly.

**(Contributory Negligence)**

C.   Answering Defendant alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of her own negligence.

**(Insufficient Knowledge)**

D.   Answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses.  Answering Defendant has not knowingly or intentionally waived any applicable affirmative defense.  If it appears that any affirmative defense is or may be applicable after Answering Defendant has had the opportunity to conduct reasonable discovery in this matter, Answering Defendant will assert such affirmative defense in accordance with the Federal Rules of Civil Procedure.  Answering Defendant reserves the right to assert any and all affirmative defenses.

E.   Answering Defendant specifically reserves the right to amend her answer to include any other matter constituting an avoidance or affirmative defense.

**WHEREFORE**, Answering Defendant respectfully requests that this Court grant relief as follows:

1. Dismiss the allegations of the Plaintiff's Complaint in their entirety and find that Plaintiff takes nothing, therefore;
2. Award Answering Defendant reasonable attorney's fees and costs associated with this matter as provided in statute; and,

3. For such other and further relief as the Court deems just and proper.

Dated this 9th day of June 2022

Dated this 9th day of June 2022

By: /s/ Steven E. Stern, Esq.
Steven E. Stern, Esq.
LAW OFFICES OF STEVEN E. STERN, LLC

Filed this 9th day of June 2022 via ECF and served via ECF notice and email to:

Mr. Floyd W. Bybee, Esq.
Bybee Law Center, PLC
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226

/s/ Steven E. Stern, Esq.
Attorney for Defendant,
Investment Retrievers, Inc.